**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ALLEGIS INVESTMENT ADVISORS, HEATH BOWEN, and PETER KLAASS,<br><br>       Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON, subscribing to Policy No. BDL-0000028-02,<br><br>       Defendant. | **REPORT AND RECOMMENDATION TO DENY DEFENDANT'S REVISED MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM (ECF NO. 25)**<br><br><br>Civil No. 2:17-cv-01048-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

On September 19, 2017, Allegis Investment Advisors, Heath Bowen, and Peter Klaass (collectively, the "Allegis Plaintiffs") filed a Complaint against Defendant Certain Underwriters at Lloyd's London, Subscribing to Policy No. BDL-0000028-02 ("Underwriters").  (Compl., ECF No. 2.)  This action arose because on May 1, 2017, the Securities Commissioner for the State of Colorado sued the Allegis Plaintiffs on behalf of a group of Colorado investors alleging that the Allegis Plaintiffs "failed to fully disclose investment risks" to the investors and "made material misrepresentations in the course of providing investment advisory services" (the "Colorado Action").  (Id. at ¶¶ 14–15.) The Allegis Plaintiffs maintained an insurance policy (the "Policy") with Underwriters and made a claim against the Policy based on the Commissioner's suit.  (Id. at ¶¶ 16, 18.) Eventually, Underwriters denied coverage.  (Id. at ¶ 22.)

The Allegis Plaintiffs sued Underwriters over the denial asserting six causes of action:  (1) declaratory judgment; (2) breach of contract; (3) breach of implied covenant

of good faith and fair dealing of contract; (4) bad faith denial of claim; (5) failure to conduct a reasonable and full investigation of the claim; and (6) punitive damages.  (Id. ¶¶ 25–52.)

Underwriters responded to the Complaint with ten counterclaims.  (Def. Certain Underwriters at Lloyd's London, Subscribing to Policy No. BDL-0000028-02 Answer with Affirmative Defenses & Countercls. ("Answer & Countercls.") ¶¶ 73 –153, ECF No. 10.)  Underwriters' first six causes of action seek declaratory judgments that the Policy does not cover the Allegis Plaintiffs for the claims asserted because (1) the Colorado Action relates to a claim made prior to the Policy period (id. at ¶¶ 73–83), (2) the Policy excludes coverage because the Allegis Plaintiffs gave notice of this claim under a prior policy (id. at ¶¶ 84–89), (3) the Policy excludes coverage because the Allegis Plaintiffs had knowledge of the potential for this claim prior to the Policy period (id. at ¶¶ 90–95), (4) the Policy excludes coverage of options (id. at ¶¶ 96–101), (5) the Policy excludes coverage for claims based on promises of investment performance (id. at ¶¶ 102–05), and (6) the Allegis Plaintiffs failed to satisfy a condition precedent for coverage when they did not notify Underwriters of the Colorado Action as soon as they knew of the Commissioner's complaint (id. at ¶¶ 106–14).  Underwriters' four remaining causes of action allege breach of contract.  The seventh cause of action alleges the Allegis Plaintiffs breached the Policy when they rejected the defense counsel selected.  (Id. at ¶¶ 115–24.)  The eighth cause of action alleges the Allegis Plaintiffs breached the Policy when they "incurred attorney fees and other expenses without Underwriters' knowledge or written consent."  (Id. at ¶¶ 125–34.)  The ninth breach of contract claim alleges the Allegis Plaintiffs breached the Policy when they failed to cooperate with

Underwriters "by delaying and failing to provide Underwriters with information and assistance reasonably requested in order to investigate, defend and settle the Colorado Action." (Id. at ¶ 139.)  The final breach of contract claim alleges the Allegis Plaintiffs breached by offering to settle the Colorado Action without Underwriters' written consent. (Id. at ¶¶ 145-53.)

On December 6, 2017, Underwriters moved for Leave to File First Amended Counterclaim and Third-Party Complaint.  (Revised Mot. for Leave to File First Am. Countercl. & Third Party Compl. ("Revised Mot."), ECF No. 25.)  Specifically, Underwriters sought leave to file counterclaims against the Allegis Plaintiffs, and file a Third-Party Complaint against Allegis Investment Services, LLC ("Allegis Services") under Federal Rules of Civil Procedure ("Rules") 14 and 15.  (Id. 2–7.)

On April 25, 2018, the undersigned[1] held a hearing on the Motion where Underwriters changed its basis for adding Allegis Services from Rule 14 to Rule 20. Underwriters conceded that in could not join Allegis Services under Rule 14.  Thus, that request became moot.  Because the Allegis Plaintiffs had not received advanced notice of this change of position, the undersigned instructed Underwriters to file a proposed amendment under its new theory of permissive joinder and permitted an additional opposition and reply brief.  (Minute Entry, ECF No. 43.)

In that additional briefing, the Allegis Plaintiffs argue this Court should deny Underwriters' proposed amendment because it fails to satisfy the "two-prong conjunctive test" required to permit joinder.  (Pls.'s Resp. to Def.'s Proposed Am. Under

---

[1] On September 21, 2017, District Judge Jill N. Parrish referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(A).  (ECF No. 5.)

Theory of Fed. R. Civ. P. 20 Joinder to Add Claims ("Pls.'s Response to R. 20 Joinder")
3-4, ECF No. 45.)  The Allegis Plaintiffs further argue this Court should not exercise its
discretion and grant Underwriters leave to file its counterclaims because joinder runs
counter to the interest of justice and judicial efficiency.  (Id. at 5–6.)  In the interest of
judicial efficiency, the undersigned considers Underwriters' Proposed First Amended
Answer and Counterclaims docketed at ECF No. 44–1 as the requested amendment
under the pending Motion.

      After considering the parties' briefing, oral argument, and the applicable law, the
undersigned RECOMMENDS the District Judge DENY Underwriters' Revised Motion to
add claims related to actions other than the Colorado Action because it would unduly
prejudice the Allegis Plaintiffs by significantly expanding the scope of litigation and
delaying resolution of the case.  Further, the undersigned RECOMMENDS the District
Judge DENY Underwriters' Revised Motion for leave to file its proposed eleventh cause
of action requesting a declaratory judgment regarding any future claims arising out of an
alleged "Options Strategy" because amendment would prove futile as the counterclaim
does not meet the case or controversy requirement, thus depriving the Court of
jurisdiction.  Lastly, the undersigned RECOMMENDS the District Judge DENY
Underwriters' Revised Motion to add Allegis Services as a party because Underwriters
cannot use Rule 20(a)(1) to force Allegis Services to become a plaintiff in this case.

## FACTUAL AND PROCEDURAL HISTORY

      The Colorado Action, filed on May 1, 2017, focused on "a net credit spread
strategy which allegedly resulted in certain [investors] sustaining los[s]es on August 20,
2015 (the "Strategy")."  (Compl. ¶¶ 14-15, ECF No. 2.)  Allegis Investment Advisors,

LLC, a registered investment adviser, provide the investment advice from which the claims arose.  (Id. ¶¶ 1, 15.)  On June 5, 2017, the Allegis Plaintiffs notified Underwriters of the Colorado Action and sought coverage under the Policy.  (Id. at ¶ 16.)  The Policy period ran from March 3, 2017 to March 3, 2018.  (Id.)  The Policy "is a renewal of the same coverage" that Underwriters issued "for the previous March 3, 2016 to March 3, 2017 policy period."  (Id. at ¶ 19.)  On June 27, 2017, Underwriters' counsel wrote Allegis Plaintiffs "advising them that Underwriters agreed, subject to a reservation of rights, to provide a 'provisional defense' [for the Colorado Action]."  (Id. at ¶ 21; Answer & Countercls. ¶ 58, ECF No. 10.)  Underwriters asked the Allegis Plaintiffs to provide additional information, which the Allegis Plaintiffs "promised" to provide.  (Compl. ¶ 22, ECF No. 2; Answer & Countercls. ¶¶ 62, 65-66, ECF No. 10.)  On July 27, 2017, Underwriters denied the Allegis Plaintiffs coverage.  (Compl. ¶ 22, ECF No. 2; Answer & Countercls. ¶ 69, ECF No. 10.)  On August 17, 2017, Underwriters "refused to reverse the coverage denial."  (Compl. ¶ 23, ECF No. 2; Answer & Countercls. ¶ 72, ECF No. 10.)  Underwriters' counterclaims set forth its reasons for denying coverage to the Allegis Plaintiffs.

On November 10, 2017, Underwriters moved for leave to amend its counterclaims to include four other lawsuits (the "Subsequent Actions") submitted for coverage after Underwriters filed its original counterclaims.  (Mot. for Leave to File 1st Am. Countercl. ("1st Mot. for Leave") 2, ECF No. 20.)  Underwriters alleges that the Subsequent Actions involve the Strategy that resulted in losses in August 2015 and that Underwriters denied coverage for the same reasons.  (Id.)  Mr. Bowen and/or Allegis Advisors submitted requests for coverage for all four Subsequent Actions.  (Proposed

1st Am. Compl. ¶¶ 90,100, ECF No. 20-1.)  The Subsequent Actions include the Nelson Matter, the Rodebush Matter, the Kelsey Matter, and the Tilt Matter.  The Nelson Matter involves FINRA claims against "Allegis Investment Services, LLC a/k/a and d/b/a Allegis Investment Advisors LLC f/k/a BowenGroup Advisors," Mr. Bowen, and Mr. Klaass.  (Id. ¶ 27.)  The Rodebush Matter involves FINRA claims against Allegis Services and Charles Sorenson.  (Id. ¶ 31.)  The Kelsey Matter involves a FINRA claim against Allegis Services and Brandon Stimpson.  (Id. ¶ 35.)  The Tilt Matter involves a AAA claim made against Allegis Investment Advisors LLC and Mr. Bowen.  (Id. ¶ 39.)  As a result, Underwriters sought "to amend their Counterclaims to include a coverage determination for the Subsequent Actions" and also included "a request for declaratory relief in connection with any future claim submissions under the Policy arising out of the same options strategy and investor losses in August 2015."  (1st Mot. for Leave 2, ECF No. 20.)

The Allegis Plaintiffs opposed Underwriters' Motion because, among other reasons, Underwriters sought to adjudicate claims against "[p]arties who are not parties to this action…," particularly Allegis Services.  (Opp'n to Mot. for Leave to File 1st Am. Countercl. ("Opp'n") 5–6, ECF No. 21.)  Indeed, the Allegis Plaintiffs note that the Kelsey and Rodebush matters do not involve claims against Allegis Investment Advisors, LLC at all.  (Id.)  Furthermore, the Kelsey, Rodebush, and Nelson matters all involve other unnamed insureds in addition to the Allegis Plaintiffs and Allegis Services—Brandon Curt Stimpson, Charles Elmer Sorensen, and BowenGroup Advisors LLC.  (Id.)

On December 6, 2017, Underwriters withdrew its Motion (Notice of Withdrawal of

Mot. for Leave to File 1st Am. Countercl., ECF No. 24.), and subsequently filed its pending Motion for Leave to File First Amended Counterclaim and Third-Party Complaint.  (Revised Mot., ECF No. 25.)  In its Revised Motion, Underwriters seeks leave to file a proposed Third-Party Complaint against Allegis Services "to bring Allegis Investment Services, LLC into the existing coverage litigation."  (Revised Mot. 3, ECF No. 25.)  Allegis Services is a broker dealer.  (Opp'n to Revised Mot. for Leave to File 1st Am. Countercl. & 3rd Party Compl. ("Opp'n to Revised Mot.") 8, ECF No. 27.) Underwriters asserts largely identical claims in its Proposed Revised Amended Counterclaim.  (Compare Proposed 1st Am. Compl., ECF No. 20-1 with Proposed 1st Am Countercl. & 3rd Party Compl., ECF No. 25-1.).  However, the Proposed Revised Amended Counterclaim "more specifically differentiates the allegations against Allegis Investment Advisors, LLC while including the synonymous allegations against Allegis Investment Services, LLC."  (Revised Mot. 3, ECF No. 25.)

The Allegis Plaintiffs opposed Underwriters' Revised Motion because, among other reasons, Underwriters' proposed third-party complaint does not satisfy Rule 14 as Underwriters does not "allege that nonparty [Allegis Services] would be liable to [Underwriters] for all or part of [the Allegis] Plaintiffs' claims against [Underwriters]." (Opp'n to Revised Mot. 2, ECF No. 27.)

With oral argument and additional briefing, Underwriters now seeks to add Allegis Services under Rules 13 and 20. (Reply in Supp. of Underwriters' Mot. to File 1st Am. Answer & Countercls.  ("Defs.'s Reply in Supp. of R. 20 Joinder") 3–8, ECF No. 48.)  Underwriters does not assert Allegis Services is indispensable under Rule 19 and does not seek to add the other unnamed insureds.

## DISCUSSION

I.     **Counterclaims Against the Allegis Plaintiffs for Coverage for the Subsequent Actions.**

Underwriters seeks to amend its counterclaims against the Allegis Plaintiffs to include declaratory judgments that the Policy does not cover the claims the Allegis Plaintiffs assert in this case and claims made regarding the Subsequent Actions because (1) the Colorado Action and the Subsequent Actions relate to a claim made prior to the Policy period (Underwriters' Proposed 1st Am. Answer & Countercls., ¶¶ 107–21, ECF No. 44-1), (2) the Policy excludes coverage for the Colorado Action and the Subsequent Actions because one or more of the insureds gave notice of the claims under a prior policy (id. at ¶¶ 122-27), (3) the Policy excludes coverage for the Colorado Action and the Subsequent Actions because the insureds knew of the potential for these claims prior to the Policy period (id. at ¶¶ 128–33), (4) the Policy excludes coverage of options and thus does not cover the Colorado Action or the Subsequent Actions (id. at ¶¶ 134–39), and lastly, that the insureds failed to satisfy a condition precedent for coverage when they did not notify Underwriters of the Colorado Action, the Nelson Matter, the Rodebush Matter, and the Kelsey Matter as soon as they knew of the claims (id. at ¶¶ 144–58). Underwriters also seeks to amend two of its remaining causes of action alleging breach of contract. The seventh cause of action alleges the Allegis Plaintiffs and Allegis Services breached the Policy in the Colorado Action and the Nelson, Rodebush, and Kelsey Matters when they retained their own defense counsel and/or rejected the defense counsel selected. (Id. at ¶¶ 10, 159–69.) The eighth cause of action alleges the Allegis Plaintiffs and Allegis Services breached the Policy when they "incurred attorney fees and other expenses without Underwriters' knowledge or

8

written consent" in the Colorado Action and the Nelson, Rodebush, and Kelsey Matters. (Id. at ¶¶ 10, 170–79.)

Rule 15 requires the Court grant leave to amend "when justice so requires."  Fed. R. Civ. P 15(a)(2).  A court "generally refuse[s] leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" Duncan v. Manager, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).

### A. Sufficient Specificity

The Allegis Plaintiffs oppose amendment of the counterclaims against them based on futility claiming Underwriters failed to plead the claims with sufficient specificity because the amendment does not identify which claims it brings against which counterclaim defendants.  (Opp'n to Revised Mot. at 1, ECF No. 27.)  After reviewing the proposed amendment, the undersigned disagrees.  The proposed amendment does identify which claims it makes against which counterclaim defendants.

### B. Lack of Standing for Subsequent Actions

Secondly, the Allegis Plaintiffs oppose amendment based on futility because the added allegations do not identify an existing case or controversy and/or Underwriters lacks standing as it has suffered no damage.  (Id. at 4-5.)  The Allegis Plaintiffs contend that they or a nonparty has to threaten Underwriters with a lawsuit before Underwriters can present ripe claims.  (Id. at 5.)  Underwriters counters that each of its causes of action in its proposed counterclaims "represents a ripe case or controversy concerning insurance coverage and the duty to defend under Underwriters' Policy."  (Reply to

9

Opp'n to Revised Mot. 4, ECF No. 28.)  The Tenth Circuit expressly held that "[d]eclaratory judgment actions are seen as useful in actions wherein insurance companies seek to have their liability declared."  Horace Mann Ins. Co. v. Johnson, 953 F.2d 575, 579 (10th Cir. 1991) (quoting Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978)).  Absent the availability of declaratory judgment to the insurer, "[a]n insurance carrier w[ould] have to 'defend a party to whom it does not believe it owes a duty, or assume the risk that the party will go defenseless—or be defended by someone whose interests are adverse to the company.'"  Horace Mann, 953 F.2d at 578 (quoting Am. States Ins. Co. v. D'Atri, 375 F.2d 761, 763 (6th Cir. 1967)).  Given the clear Tenth Circuit precedent, Underwriters does have standing to bring its Declaratory Judgment claims against the Allegis Plaintiffs.

### C. **Permissive Counterclaim**

Underwriters' claims against the Allegis Plaintiffs relate to the Subsequent Actions, which stem from the Strategy, where other insured entities asserted a right to coverage under the Policy.  Those claims arose after the pleadings closed in this matter.  "The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."  Fed. R. Civ. P. 13(e).  The decision to allow amendment of a permissive counterclaim arising after answering the complaint remains within the district court's discretion.  All West Pet Supply Co. v. Hill's Pet Prods. Div., 152 F.R.D. 202, 204 (D. Kan. 1993).  In exercising its discretion, the Court looks to whether justice requires amendment, which circles back to the Rule 15 standard discussed above.  Id.

The Allegis Plaintiffs contend that joinder "will greatly add to the expense and

delay of this matter." (Pls.'s Response to R. 20 Joinder 5, ECF No. 45.) In oral

argument the Allegis Plaintiffs explained that they purposely brought this initial claim

first to keep the volume of discovery narrow and because it was ready for decision.

Keeping the scope of discovery narrow and getting a decision on the issue as quickly as

possible would then allow the Allegis Plaintiffs to plan their defense and whether to seek

coverage regarding the other cases accordingly. By contrast, Underwriters seeks to

avoid a multiplicity of actions by bringing all the claims into one action. The prejudice to

either party of not getting its way turns largely on the outcome of their claims or

defenses. If Underwriters correctly asserts that the Allegis Plaintiffs' sale of an option

does not fall within coverage of the Policy or occurred during a prior policy period, then

obtaining that resolution in one case saves time. Alternatively, if the Allegis Plaintiffs

prevail, and the Policy covers the option sale and did not occur during a prior period,

then the parties will need a great deal more discovery getting into the facts of each

claim to determine duties owed, representations made, timing of notice, hiring of

counsel, etc.

Regardless of who wins, the undersigned finds that permitting joinder will result

in undue delay and greater expense as the Allegis Plaintiffs suggest because if the

Court permits amendment, the parties will need discovery on all the claims regarding all

of the causes of action. The parties will want discovery on the actions taken by the

Allegis Plaintiffs, Underwriters, Allegis Services, and the complainants in each of the

underlying claims. Therefore, allowing amendment would significantly increase the size

and scope of the case, delaying resolution, and prejudicing plaintiffs. Additionally,

keeping the decision narrow in this case may ward off future litigation by these parties

given the likelihood of issue preclusion or at least the persuasiveness of the first

decision.  Further, Underwriters can bring these claims as a separate action if it

chooses because the claims do not constitute compulsory counterclaims since they

arose after Underwriters answered the Complaint.  All West, 152 F.R.D. at 204.

Accordingly, the undersigned finds that permitting joinder will result in undue delay and

greater expense.  Therefore, the undersigned RECOMMENDS denying the Motion to

Amend as to counterclaims one through ten.

## II.    Lack of Standing for Eleventh Cause of Action

In its eleventh cause of action, Underwriters seeks to add a declaratory judgment

"that All Current and Future Claims Involving the Options Strategy are Excluded from

Coverage Under the Policy."  (See Proposed 1st Am. Countercl. & 3rd Party Compl., ¶¶

199–204, ECF No. 25-1; Underwriters' Proposed 1st Am. Answer & Countercls. ¶¶ 199–

204, Ex. A, ECF No. 44-1.)  The Allegis Plaintiffs argue that Underwriters' "prospective

declaratory judgment as to future claims is improper" because the requested declaratory

judgment "does not meet the case and controversy requirement."  (Opp'n to Revised

Mot. 4, ECF No. 27.)  Therefore, the Allegis Plaintiffs ask the Court to deny the Motion

to Amend to add the Eleventh Counterclaim as futile.  (Id. at 4-5.)  Underwriters

contends a real case or controversy presently exists because the Allegis Plaintiffs admit

"identical claims" may arise in the future, and for the same reasons that the Policy does

not cover the Colorado Action, it will not cover those actions either.  (Reply to Opp'n to

Revised Mot. 4, ECF No. 28.)

"A proposed amendment is futile if the complaint, as amended, would be subject

to dismissal."  Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir.

2001).  In considering futility, the Court employs the motion to dismiss standard and

must take all well-pled factual allegations as true.  See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992) (stating "[t]he district court was clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim…") (quoting Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir. 1990)).

To bring a claim in federal court, Underwriters must have standing to do so. Town of Chester v. Laroe Estates, Inc., 581 U.S. __, 137 S. Ct. 1645, 1650 (2017).  The law of Article III standing is "rooted in the traditional understanding of a case or controversy."  Spokeo, Inc. v. Robins, 578 U.S. __, 136 S. Ct. 1540, 1547 (2016). Federal courts have no authority to hear a dispute that does not qualify as "a proper case or controversy."  Town of Chester, 137 S. Ct. at 1650.  A suit constitutes a case or controversy when the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937)). For a party to have standing to bring a declaratory judgement, the case must present "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, 549 U.S. at 127 (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).  Furthermore, the dispute must be "real and substantial" and request "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  Id.

In addition to the standing requirements on the suit itself, each plaintiff must have standing to bring the claim.  To have individual standing, "the plaintiff must have (1)

13

suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc., 136 S. Ct. at 1547 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).  "The party invoking federal jurisdiction bears the burden of establishing these elements."  Lujan, 504 U.S. at 561.

In the Eleventh Counterclaim, Underwriters assumes additional suits will arise in the future from the same event under the same insurance policy and seeks a declaration that it has no obligation under the policy.  At best, Underwriters seeks an advisory opinion on what the Policy prohibits and allows under a hypothetical state of facts.  Article III of the Constitution prohibits federal courts from issuing advisory opinions.  See Golden v. Zwickler, 394 U.S. 103, 108 (1969).  A case or controversy does not yet exist because Underwriters cannot allege the details of claims that insureds have not yet made for suits that third parties have not yet brought.  A case or controversy must exist before a federal court can exercise jurisdiction.  MedImmune, 549 U.S. at 126–27.  Therefore, absent an actual claim, the Court lacks jurisdiction. "[E]ven if all the relevant facts regarding a particular legal issue are known or knowable, a court does not have jurisdiction to resolve the issue unless that issue arises in a specific dispute having real-world consequences."  Columbian Fin. Corp. v. BancInsure, Inc., 650 F.3d 1372, 1379 (10th Cir. 2011).  The Eleventh Counterclaim seeks relief in the absence of a specific dispute having real-world consequences as "the factual predicate for a potential indemnification claim is too uncertain to permit judicial intervention; no claim has 'taken on fixed and final shape.'"  Id. at 1382 (quoting Pub. Serv. Comm'n of Utah v. Wycoff, 344 U.S. 237, 244 (1952)).  Therefore, the

14

undersigned RECOMMENDS the District Judge deny Underwriters leave to file its Eleventh Amended Counterclaim because amendment would prove futile.

### III.    Joinder of Allegis Services

Underwriters asks the Court to allow it to join Allegis Services as a named plaintiff and counterclaim defendant pursuant to Rule 20.  (Defs.'s Reply in Supp. of R. 20 Joinder 2, ECF No. 48.)  The Allegis Plaintiffs argue this Court should not exercise its discretion to grant Underwriters leave to file its claims against Allegis Services and make it "an involuntary plaintiff" because Underwriters has not satisfied Rule 20's "two-prong conjunctive test."  (Pls.'s Response to R. 20 Joinder 2-3, ECF No. 45.)  In the alternative, the Allegis Plaintiffs argue if the Court finds Underwriters satisfies Rule 20, then the Court should not exercise its discretion to permit joinder because joinder will result in confusion between Allegis Investment Advisors and Allegis Investment Services, cause expense and delay, and "offend[] the purpose of the rule, and would run counter to judicial efficiency and the interests of justice."  (Id. at 5–6.)

Underwriters counters that it has satisfied Rule 20's two-prong test because it alleges Allegis Services has also asserted claims resulting out of the Strategy, which generated losses in August 2015, and common issues of law and fact apply to both the Allegis Plaintiffs and Allegis Services.  (Defs.'s Reply in Supp. of R. 20 Joinder 3–8, ECF No. 48.)  Underwriters further argues the Court should grant it leave to file its amendment because the Allegis Plaintiffs have not provided a "valid reason to believe that they will suffer undue prejudice due to the Proposed Counterclaims, and efficiency reasons weigh in favor of the amendment."  (Id. at 10.)

A court has discretion to permit or to deny joinder.  McPhail v. Deere & Co., 529

F.3d 947, 952 (10th Cir. 2008).  "In exercising this discretion, the district court 'typically

considers several factors [including] whether the amendment will result in undue

prejudice, whether the request was unduly and inexplicably delayed, [and whether it]

was offered in good faith.'"  Id., at 952 (quoting State Distrib., Inc. v. Glenmore Distill.

Co., 738 F.2d 405, 416 (10th Cir. 1984)).  Rule 20(a)(1) governs permissive joinder of

plaintiffs.  Under the Rule, a party can join an action as a plaintiff if:

> (A)  they assert any right to relief jointly, severally, or in the alternative with
>      respect to or arising out of the same transaction, occurrence, or series
>      of transactions or occurrences; and
> (B)  any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  The Rule says nothing about a defendant being able to join a

party to an action as a plaintiff.  The language of the Rule speaks in terms of a third

party asserting its right to join a case as a plaintiff, not a defendant trying to force a third

party to become a plaintiff in the suit.  As noted by a district court in the District of

Columbia, "Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is

not a means for defendants to structure the lawsuit."  Moore v. Cooper, 127 F.R.D. 422,

422 (D.D.C. 1989).  In Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983), the

Tenth Circuit agreed that "joinder of defendants under rule 20 is a right belonging to

plaintiffs."  Therefore, because Underwriters makes its Motion, after multiple attempts,

under Rule 20(a)(1), its Motion should fail.

Some commentators have concluded that a counterclaim plaintiff could seek

leave to join counterclaim defendants under Rule 20(a)(2).  Alan Wright, Arthur R.

Miller, & Mary Kay Kane, § 1657 Permissive Joinder of Parties under Rule 20(a)—

Joinder of Defendants, 7 Fed. Prac. & Proc. Civ. § 1657 (3d ed. 2018).  However,

commentators also assert that a party may not assert a counterclaim solely against a

person not already a party to the original action.  Alan Wright, Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer, § 1435 Joinder of Additional Parties—Who May Be Added, 6 Fed. Prac. & Proc. Civ. § 1435 (3d ed. 2018).  The undersigned has recommended denying permission to amend the counterclaims to add the Subsequent Actions and future actions.  The claims asserted against Allegis Services relate to the Subsequent Actions and future actions and do not appear to relate to the Colorado Action.  Allegis Services did not submit a claim for coverage in the Colorado Action. (Proposed 1st Am. Countercl. & 3rd Party Compl., ¶¶ 26, 61, ECF No. 25-1; Underwriters' Proposed 1st Am. Answer & Countercls. ¶¶ 26, 61, Ex. A, ECF No. 44-1.) Therefore, the amended counterclaims would constitute claims solely against a person not already a party to the original action, Allegis Services.  Accordingly, the undersigned RECOMMENDS the District Judge deny Underwriters Motion to add Allegis Services as a party.

## **RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS denying the Defendant's Revised Motion for Leave to File First Amended Counterclaim and Third-Party Complaint because the Allegis Plaintiffs would suffer unfair prejudice, the Court lacks jurisdiction over future claims, and Underwriters has not met its burden to join Allegis Services.

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen

17

(14) days of service thereof.  Failure to file objections may constitute waiver of

objections upon subsequent review.

      DATED this 14th day of August, 2018.

                    BY THE COURT:

                    Evelyn J. Furse
                    United States Magistrate Judge

18